IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ANTHONY BLAKE LOWREY, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 3:12-CV-9 (CDL) |
| | : | |
| MICHAEL FREDRICK, *et al.*, | : | |
| | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondents. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Petitioner Anthony Blake Lowrey has filed the instant federal habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his December 10, 2007 burglary conviction in Walton County. Doc. 1. Respondents Michael Fredrick and Cameron Mitchell have filed a Motion to Dismiss the petition alleging that it is untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d). Doc. 11. Because Petitioner failed to file his petition within the one-year period of limitations and has failed to show adequate grounds for equitable tolling, it is **RECOMMENDED** that the petition be **DISMISSED**.

## PROCEDURAL BACKGROUND

On December 10, 2007, Petitioner pleaded guilty to one count of burglary in the Walton County Superior Court. Id. at 33.  Following the guilty plea, Petitioner was sentenced to ten years, with the first 120 days to serve in jail and the balance to be served on probation. Id. at 68. Petitioner did not file a direct appeal.

On October 22, 2010, a warrant was sworn out against Petitioner for violating the terms of his probation. Id. at 75. On December 12, 2010, Petitioner's probation officer petitioned to

1

modify and/or revoke Petitioner's probation. Doc. 12-2 at 4. The revocation petition alleged that Petitioner committed the new offenses of giving a false name and obstruction of an officer and that Petitioner failed to report to the probation office and pay his fees as directed. Id. at 5. Following a revocation hearing on January 4, 2011, the trial court found that Petitioner had violated the conditions of his probation and revoked Petitioner's probation for a term of 305-365 days to be served in a detention center. Id. at 8.

Following his arrest for violating his probation, Petitioner began filing motions in the trial court. On November 26, 2010, Petitioner filed a motion to obtain his plea hearing transcript at no cost. Id. at 13. With his motion to obtain his transcript, Petitioner enclosed an "outline" of his state habeas corpus petition, which stated "to clerk of courts, this is just an 'out-line' of [my] actual habeas corpus petition to show the court my honorable intention to go forward and help the court grant me a copy of my court (plea) transcript. I need to view my court transcript before filing my petition of writ of habeas corpus." Id. at 20. On February 4, 2011, the trial court granted Petitioner's motion requesting a copy of his plea hearing transcript at the government's expense. Id. at Doc. 10. On May 10, 2011, Petitioner filed a motion to modify his sentence. Id. at 40. On May 24, 2011, the trial court denied Petitioner's motion to modify his sentence, finding that Petitioner was not entitled to credit for time served and that the probation revocation proceedings did not result in a new sentence. Doc. 12-3 at 7. On July 29, 2011, Petitioner filed a motion to vacate his guilty plea. Id. at 24. On August 29, 2011, the trial court denied the motion because it was not filed in the same term of court in which the guilty plea had been entered. Id. at 35. Petitioner then filed the instant federal habeas corpus petition pursuant to Section 2254 on January 12, 2012. Doc. 1.[1]

---

[1] Petitioner failed to sign or date his federal habeas corpus petition. Doc. 1. The petition was received by the Court for filing on January 12, 2012.

DISCUSSION

Respondents contend that Petitioner's federal habeas corpus petition should be dismissed because Petitioner failed to submit his petition within the one-year period of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d). An individual seeking a federal writ of habeas corpus must file his petition within one year of "the date on which judgment became final by the conclusion of direct review or the expiration of time seeking such review." 28 U.S.C. § 2244(d)(1)(A). A petitioner may be afforded a later starting date of the period of limitations if the petitioner can show "state action that both 'violat[ed]…the Constitution or laws of the United States' and 'prevented [the prisoner] from filing' his federal petition." Johnson v. Florida Department of Corrections, 513 F.3d 1328, 1331-32 (11th Cir. 2008) (quoting 28 U.S.C. § 2244(d)(1)(B)).[2]

The one-year period of limitations runs until the petitioner properly files a state motion for post-conviction relief. 28 U.S.C. 2244(d)(2). Once the petitioner files a state motion for post-conviction relief, the tolling of the one-year time period begins. Id. Because the AEDPA tolling period does not start until after the petitioner files a state motion for post-conviction relief, the state statutory period of limitations itself does not toll the AEDPA period of limitations. See id. The one-year period then resumes running when the state's highest court issues a mandate disposing of the motion for post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 331-32 (2007).

In this case, Petitioner did not file his federal habeas corpus petition within one year of his conviction becoming final. A conviction becomes final upon the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A); Jimenez v. Quarterman, 555 U.S. 113, 119 (2009). Direct review

---

[2] The one-year period of limitations may be triggered by other events described in 28 U.S.C. § 2244(d)(1); however, none of those grounds are applicable in this case.

3

concludes when the state's highest court denies or declines to review a petitioner's appeal. Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006). If the petitioner fails to seek direct review in the state's highest court, the conviction becomes final when the time to seek review has expired. See id. at 1299-3000; Gonzalez v. Thaler, 312 S.Ct. 641, 656 (2012). In this case, Petitioner entered his guilty plea on December 10, 2007. Because Petitioner failed to appeal his guilty plea,[3] his conviction became final on January 9, 2008. See O.C.G.A. § 5-6-38 (stating that a notice of appeal shall be filed within 30 days after entry of judgment). Petitioner then had until January 9, 2009 to file a federal habeas corpus petition. Petitioner did not file the instant petition, however, until January 12, 2012, over three years after the expiration of the limitations period. Accordingly, Petitioner failed to file his petition within the one-year limitations period.

Additionally, Petitioner's one-year limitations period was not statutorily tolled under 28 U.S.C. 2244(d)(2) because Petitioner failed to file any state court motions until after the expiration of the limitations period. A state court motion for post-conviction relief must be pending in order to toll the one-year limitations period. Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). "Under § 2244(d)(2), even properly filed state-court petitions must be pending to toll the limitations period. A state-court petition like [petitioner's] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Id. (internal quotations omitted). Accordingly, even if all of Petitioner's state court motions following his 2010 arrest were determined to be properly filed state court motions for

---

[3] In Georgia, there is "no unqualified right" to a direct appeal from a guilty plea conviction, as such appeals will lie only for issues that can be resolved from the fact of the record. Smith v. State, 266 Ga. 687, 687 (1996).

4

post-conviction relief, none of the motions tolled the limitations period because there was no time remaining to be tolled.[4]

Petitioner has also failed to show that he is entitled to a later starting date of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(B). Petitioner contends that he is entitled to a later starting date of the limitations period because the Walton County Superior Court improperly dismissed his state habeas corpus petition in October 2011 without assigning the petition a case number. Docs. 1, 16. Petitioner, however, has failed to show how the actions of the Walton County Superior Court prevented him from filing his *federal* habeas corpus petition. There is nothing in the record to indicate that a state action prevented Petitioner from filing his federal habeas corpus petition.

Petitioner has also failed to show that he is entitled to equitable tolling of the limitations period. Under very limited circumstances, the doctrine of equitable tolling allows the district court to review the petition if the Petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added). Such tolling applies only in truly extraordinary circumstances. Jones v. United States, 304 F.3d 1035, 1039-40 (11th Cir. 2002). The petitioner bears the burden of proving the circumstances that justify the use of equitable tolling. Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002). If the petitioner makes no effort to demonstrate that he meets the necessary criteria, he is not eligible for equitable tolling. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004). In this case, Petitioner has made no effort to demonstrate that he is entitled to equitable tolling.

---

[4] Because Petitioner's state court motions were filed outside the one-year period of limitations, it is unnecessary to address whether they would have in fact tolled the limitations period.

CONCLUSION

Because Petitioner failed to filed his federal habeas corpus petition within the AEDPA one-year limitations period and because Petitioner has failed to show that he is entitled to equitable tolling, it is hereby **RECOMMENDED** that the instant petition be **DISMISSED**. Pursuant to the requirements of Section 2254 Rule 11(b), it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 14th day of November, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge